Sandra ANDERSON, Petitioner–Appellant,

v.

BRINK'S INC., Defendant–Appellee.

No. 01–1858.

United States Court of Appeals, Sixth Circuit.

Jan. 30, 2002.

Before JONES and COLE, Circuit Judges; GWIN, District Judge.*

*ORDER*

Sandra Anderson, a Michigan resident proceeding pro se, appeals a district court order dismissing her civil rights complaint filed pursuant to 42 U.S.C. § 2000e, et seq. (Title VII) and Michigan's Elliott–Larsen Civil Rights Act. This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed *See* Fed R.App. P. 34(a).

Anderson filed a complaint alleging, among other things, sex discrimination by her former employer, Brink's Inc. Anderson also alleged—although it is not clear in what way—that Brink's acted improperly during litigation of her prior suit, case number 96–73207, in which the district court entered judgment for Brink's on

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation

September 8, 1997. In large part, however, it appears that Anderson is claiming malpractice by her former attorney, who is not a party to this action.

Anderson's current complaint, as it relates to defendant Brink's, is an attempt to circumvent the district court's ruling that dismissed Anderson's previous case. Specifically, Anderson sought to collaterally attack or relitigate the district court's September 8, 1997, order granting the defendant's motion for summary judgment and the court's August 14, 2000, order denying Anderson's motion to reopen the case.

Anderson's current lawsuit, filed almost three years after her previous complaint was dismissed, includes a new charge of discrimination that she apparently filed with the Equal Employment Opportunity Commission ("EEOC") on December 10, 1999. Anderson's new EEOC charge makes various allegations against Brink's relating to events that allegedly occurred in 1995. The new complaint makes further allegations regarding events between April 14, 1990, and September 5, 1995.

On February 26, 2001, Anderson filed a motion to win judgment. On March 2, 2001, Anderson filed a motion for reversed judgment. On March 7, 2001, Anderson filed a motion for judgment On March 15, 2001, Brink's filed a motion to dismiss. On March 19, 2001, Anderson filed a motion to amend the complaint, and on April 17, 2001, Anderson filed a motion to appoint counsel

The district court denied Anderson's motion to win judgment, the motion for reversed judgment, and the motion for judgment as untimely. The court also denied Anderson's motion to amend the complaint, and Anderson's motion to appoint counsel. Finally, the court granted the defendant's motion to dismiss on the basis of res judicata. This appeal followed.

Upon review, we conclude that Anderson has abandoned her appeal taken from the district court's order because her appeal does not contain a challenge to the district court's rationale for denying her various motions and dismissing the case. *See Kocsis v. Multi–Care Management, Inc.,* 97 F.3d 876, 881 (6th Cir.1996).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit